IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CALVIN EUGENE JACKSON,                                                                    PETITIONER
ADC #134338

v.                                          5:14CV00388-DPM-JJV

WENDY KELLEY, Director                                                                    RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

### I.   PROCEDURAL BACKGROUND

On November 12, 2013, Petitioner Calvin Eugene Jackson pleaded guilty to first degree murder for shooting and killing Earvin Jeffery. (Doc. No. 9-5.) The Craighead County Circuit Court sentenced him to 228 months' imprisonment with an additional 120 months suspended. (Doc. No. 9-6.) As part of the plea agreement, he will serve one hundred percent of his sentence without the possibility of parole. (*Id.* at 6.)

Mr. Jackson did not appeal his conviction. *See* Ark. R. App. P. -- Crim. 1(a). In January 2014, he filed a Rule 37 petition. The petition was denied, and Mr. Jackson did not appeal. On October 23, 2014, Mr. Jackson filed a Petition for Writ of Habeas Corpus in this Court.[1] (Doc. No. 1.) Wendy Kelley responded that the Petition was procedurally defaulted (Doc. No. 9) so Mr. Jackson requested the case be stayed until he exhausted all state court remedies. In an attempt to cure the procedural default, Mr. Jackson filed a motion for belated appeal with the Arkansas Supreme Court (Doc. No. 33 at 8) and a second Rule 37 petition with the Craighead County Circuit Court - both of which were denied. In his federal habeas case, the stay remained in place until May

---

[1] Mr. Jackson also filed a second federal habeas petition raising the same issues, so it was consolidated with the instant case. *Jackson v. Kelley*, No. 5:15CV00365-DPM-JJV.

10, 2016, (Doc. No. 31) when Mr. Jackson was granted permission to file an Amended Petition. (Doc. No. 32.) Ms. Kelley responded (Doc. No. 33), Mr. Jackson replied (Doc. No. 37), and this Petition is ripe for a decision.

**II.    ANALYSIS**

    **A. Procedural Default**

In his Amended Petition, Mr. Jackson argues two grounds of ineffective assistance of trial counsel that both arise from his plea hearing. (Doc. No. 32.) Mr. Jackson believes his trial counsel was ineffective for (1) allowing him to plead guilty to first degree murder when the elements of the charge were not met and (2) allowing him to plead guilty to first degree murder when the murder was not intentional. (*Id.* at 2-3.)

Respondent replies that Mr. Jackson is procedurally defaulted and should be barred from federal habeas review. (Doc. No. 33.) Mr. Jackson concedes that he is procedurally defaulted, but cites "Cause to Excuse a Procedural Default." (Doc. No. 32 at 4.) He explains that he "did not default on his appeal on purpose." (Doc. No. 37 at 1.)

Mr. Jackson brings some potentially troubling claims. However, after careful review of his claims, I find Mr. Jackson has failed to state an appropriate cause for the procedural default. For the following reasons, I, find his claims should be barred from federal habeas review.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that– the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. 2254(b). Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). As a matter of comity and federalism, the state courts should have a proper opportunity to address as a petitioner's claims of constitutional error

before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). Failure to do so will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. 722 at 749-50).

Another practical reason for this requirement is to prevent federal courts from deciding issues of state law. The Arkansas appellate courts are the correct venue to decide if Mr. Jackson's plea was taken in accordance with Arkansas law. Unfortunately, because of Mr. Jackson's default, they never had (nor never will have) the opportunity to decide the issue.

In Mr. Jackson's first Rule 37 petition, he only challenges whether or not he was properly advised about the actual length of his sentence. (Doc. No. 9-7.) He never alleged counsel was ineffective for allowing him to plead guilty without meeting all the elements of the offense. (*Id.*, Doc. No. 9-8.) In his second petition, filed in June 2015, Mr. Jackson also failed to allege that his counsel was ineffective because his plea did not meet the elements of the offense. (Doc. No. 33 at 15, 16.) He did claim that the trial judge failed to "formally [advise him] of the elements before his plea was accepted," (*Id.* at 15) but because the second petition was filed out of time,[2] the trial court dismissed it without ruling on the merits. (Doc. No. 33 at 18.) He then filed a motion for belated appeal with the Arkansas Supreme Court, apparently trying to appeal his original conviction and both Rule 37 petitions. But the Arkansas Supreme Court denied the motion because Mr. Jackson did not

---

[2]Petitioners have ninety days to file a Rule 37.1 petition in the State of Arkansas. Ark. R. Crim. P. 37.2(c)(i).

follow Arkansas's procedural rules, and he could not demonstrate good cause for not doing so. *Jackson v. State*, 2016 Ark. 95.

Since the State of Arkansas never had the proper opportunity to address Mr. Jackson's claims, I find his Petition is procedurally defaulted. Although defaulted, I must determine whether or not Mr. Jackson is entitled to relief through any other avenue.

### i. Cause and Prejudice

There are instances when federal district courts may review procedurally defaulted petitions, if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims results in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Jackson claims that he did not default on purpose and blames trial counsel for his default. (Doc. No. 37.) He argues that his counsel should have represented him throughout the appeal process. (*Id.*) However, Mr. Jackson pleaded guilty so he waived the right to direct appeal, and his trial counsel had no further obligation to represent him. And as the Arkansas Supreme Court correctly stated, trial counsel would have a conflict representing Petitioner in a Rule 37 proceeding or appeal. *Jackson v. State*, 2016 Ark 95 *3. Furthermore, the State of Arkansas does not provide the right to effective counsel in postconviction proceedings. *See Viveros v. State*, 372 Ark. 463 (2008); *Biggs v. State*, 2014 Ark. 114. Therefore, Mr. Jackson has not provided cause for the default.

Moreover, Mr. Jackson cannot satisfy the test of the miscarriage-of-justice exception. Few petitioners are "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "[T]he miscarriage of justice exception requires

prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Schulp v. Delo*, 513 U.S. at 316 (1995)). Mr. Jackson does not claim he is innocent and admits that he intentionally shot Mr. Jeffery. He only disputes whether or not the homicide was intentional. As such, I find he does not qualify for the miscarriage of justice exception so his procedural default cannot be excused.

### ii. *Martinez* Application

In *Martinez v. Ryan*, 566 U.S. __, 132 S. Ct. 1309 (2012), the Supreme Court created a very narrow avenue for a petitioner to show "cause" for default in habeas petitions with ineffective assistance of counsel claims. In *Trevino v. Thaler*, 569 U.S. __, 133 S. Ct. 1911 (2013), the Court further examined the *Martinez* exception and defined it with a four-part test that allows, "a federal habeas court to find 'cause,' thereby excusing a defendant's procedural default, where (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim;' and (4) state law requires that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'" *Trevino v. Thaler*, 569 U.S. __, 133 S. Ct. 1911, 1918 (quoting *Martinez, supra*, at 1318-19). After carefully reviewing the pleadings in this matter, I conclude that *Martinez* does not provide Mr. Jackson any relief.

Mr. Jackson does not claim cause based on his lack of counsel to litigate his Rule 37 petition. Rather, he claims cause for not having effective counsel to *appeal* his Rule 37 petition. I find *Martinez* does not extend that far. The United States Supreme Court in *Martinez* was concerned with "depriv[ing] the defendant of any opportunity at all for review of an

ineffective-assistance-of-trial-counsel claim." *Trevino v. Thaler*, 569 U.S. __, 133 S.Ct. 1911, 1921 (2013). Here, Mr. Jackson did have the opportunity to raise his ineffective assistance of counsel claim at the initial-review collateral proceeding as required by *Martinez*. The fact that Mr. Jackson failed to raise all of his intended claims during his initial-review collateral proceeding does fit into the narrow *Martinez* exception and does not excuse his default now.[3]

Mr. Jackson's Petition is procedurally defaulted, and he cannot show cause to excuse the default. Therefore, the case must be dismissed without federal review.

Additionally, I previously determined that Mr. Jackson was unable to show his counsel was *constitutionally* ineffective pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. No. 16.) I again make this finding. Even if there was error at the change of plea hearing, the error fails to amount to constitutional ineffective assistance of counsel. Mr. Jackson was sentenced under the plea agreement to nineteen years' imprisonment with ten years suspended. First degree murder's punishment guideline is not less than ten years and not more than forty. Second degree murder's punishment guideline is not less than six years and not more than thirty. Ark. Code Ann. § 5-4-401(a)(1)(2). Mr. Jackson's sentence of nineteen years falls squarely within both guidelines. Therefore, I am unable to find, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of

---

[3]If *Martinez* were read so broadly, there would be cause in every case in which a petitioner wanted to raise a new ground after the trial court denied the Rule 37 petition.

appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). Mr. Jackson's claims are clearly procedurally defaulted. Therefore, no certificate of appealability should be issued.

**IV.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED.

2. The Petition for Writ of Habeas Corpus in the consolidated case[4] be DISMISSED; and

3. A certificate of appealability not be issued.

DATED this 14th day of September, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[4] *Jackson v. Kelley*, No. 5:15CV00365-DPM-JJV, ECF No. 2.